Court of Appeals for the
First District of Texas at Houston

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

NOV 20 2015

CHRISTOPHER A. PRINE
CLERK

WRITTEN RESPONSE TO NOTICE dated November 10, 2015

Appellate case name: Clinton Donald Johns v. William Stephens, Director, Texas Department of Criminal Justice, Correctional Institutions Division

Appellate case number: 01-15-00639-CV
Trial court case number: 2015-17750
Trial court: 157th District Court of Harris County

On November 13, 2015, I, Clinton Johns, appellant recieved a 'Notice of Intent to Dismiss for Want of Jurisdiction' from this Court directing me to file a written response to this Notice by providing an explaination, citing relevant portions of the record, statutes, rules, or case law to show that this Court has jurisdiction over this appeal. Also that appellant's response is due within 10 days of the of the notice.

On March 30, 2015, appellant filed a Petition For Writ of Habeas Corpus, Brief In Support Thereof, Motion To Issue Habeas Corpus with exhibits consisting of the official Court transcript, official police reports and other relevant evidence. Appellant filed for habeas relief in the 157th District Court of Harris County seeking relief from involuntary and illegal restraint of his liberty by William Stephens, Director, Texas Department of Criminal Justice.

The basis of the illegal and unlawful restraint is the direct result of void judgments having no legal force and effect that were rendered by the original sentencing court of the 176th District Court for Harris County on October 21, 1996 for cause numbers 703340, 703460, 703515, 703750 where appellant was sentenced to 40 years in each cause to be served concurrently in the Texas Department of Criminal Justice.

1 of 6

On April 16, 1998, this Court issued an opinion affirming the void judgments rendered by the 176th District Court without determining if the 176th District Court in fact had subject-matter jurisdiction and standing to adjudicate the case. There are No facts and evidence in the record showing this finding was made. Therefore the 176th District Court acted without subject-matter jurisdiction in each of these causes.

Pursuant to Dubia Petroleum Co. v. Kazi, 12 S.W.3d 71 (Tex.2000) (Subject-matter jurisdiction is a power that exists by operation of law only, and cannot be conferred upon any court by consent or waiver, and thus, a judgment will never be considered final if the court lacked subject-matter jurisdiction.); Hall v. State, 81 S.W.3d 927 (Tex.App.-Dallas 2002) (Any action taken by court without jurisdiction is void.)

Appellant sought habeas relief raising the issues of fraud on the court, fraud, subject-matter jurisdiction and standing and provided record evidence that establish fraud was committed solely for the purpose of attempting to procure subject-matter jurisdiction where none existed and standing where none existed. Fraud was furthered by this Court's opinion affirming the aforementioned void judgments.

Appellant states again that with respect to the foregoing case law, a judgment will never be and cannot be final if the Court lacked subject-matter jurisdiction. Dubia Petroleum Co. v. Kazi, supra. And any action taken without jurisdiction is void. Hall v. State, supra. Therefore appellants convictions do not and can not qualify as final-post convictions if the judgments rendered by the 176th District Court and the affirming opinion of this Court were in fact void.

Appellant is raising this issue and can not be precluded from doing so.

Pursuant to Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 444 (Tex. 1993) (We therefore hold that standing, as a component of subject-matter jurisdiction, can not be waived in this case or any other case and may be raised for the first time on appeal by the parties or by the court.); Texas Employment Comm'n v. International Union of Elec., Radio and Mach. Workers, Local Union No. 782, 163 Tex. 135, 352 S.W.2d 252, 253 (1961)(Subject matter jurisdiction is an issue that may be raised for the first time on appeal; it may not be waived by the parties.); See also RESTATEMENT (SECOND) OF JUDGMENTS § 11, comment c (1982). Id.

Appellant has this right reserved in the petition for writ of habeas corpus seeking relief from these void judgment as the record will show.

Appellant states that, this Court committed a fundamental error when it rendered an opinion affirming the void judgment of the 176th District Court. This Court did not inquire and review the record and determine whether subject matter jurisdiction was established at the outset of the proceedings of the 176th District Court.

Appellant states that, this Court committed fundamental error when it rendered an opinion affirming the void judgment of the 176th District Court. This Court did not inquire and review the record and determine whether 'standing' was established at the outset of the proceedings of the 176th District Court.

Pursuant to Tex. Ass'n of Bus. v. Tex. Air Control Bd, supra. (An opinion issued in a case brought by a party without standing is advisory because rather than remedying an actual or imminent harm, the judgment addresses only a hypothetical injury. See Allen v. Wright, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984). Texas courts, like federal courts, have no jurisdiction to render such opinions.)(The distinctive feature of an advisory opinion is that it decides an abstract question of law

without binding the parties. Id.)

Appellant states that he may raise the issue of standing and subject matter jurisdiction for the first time on appeal and it is not a waivable issue. See In the Interest of J.F.C., A.B.C., and M.B.C. Minor Children No. 01-0571, 96 S.W. 3d 256 (Tex. 2002) (When the record affirmatively and conclusively shows that the court rendering the judgment was without jurisdiction of the subject-matter, the error will be also be regarded as fundamental.) See also New York Underwriters Co. v. Sanchez, 799 S.W. 2d 677, 678 (Tex. 1990) (holding that lack of appellate jurisdiction is fundamental error review because intermediate court lacked jurisdiction. With "jurisdictional-based" fundamental error review, an appellate court may reverse the judgment of the court below for error without conducting a review for harm even if the error is not preserved.)

Appellant's petition for writ of Habeas Corpus, Motion to Issue Habeas Corpus and Brief in support thereof, that was filed with the trial court: 157th District Court of Harris County, case number 2015-17150, appellate case number 01-15-00639-CV, affirmatively show, through the pleadings and other evidence pertinent the jurisdictional inquiry that the sentencing court of the 176th District Court of Harris County acted without subject-matter jurisdiction and standing was not established therefore rendering void judgments to which this First Court of Appeals affirmed, in absence of any review.

The Judge, Randy Wilson of the 157th District Court committed fundamental error and abuse of discretion by not looking to the pleadings of appellant's habeas claims for determination after a review to see if subject-matter did exist with respect to the judgments. The judge simply presumed that the judgment were final and that the 176th sentencing court had subject-matter jurisdiction, without doing any review that would support such a finding. This Court did the very same thing giving the opinion that appellant's judgments were final based on it's opinion giving given in 1998, of November 6th.

This opinion was issued August 25, 2015 by this Court. No review was conducted to see if Appellant's habeas claim raises the issue of subject matter jurisdiction, And that the 157th District Court made a fundamental error and abused its discretion by not doing so.

This Court has an inherent duty to review the record when jurisdictional issues are raised. The Court must then make take appellant's petition and construe it in appellant's favor, review the record (entire) record to determine if any evidence supports the facts alleged by appellant. TSU v. State Street Bank and Trust Co., 212 S.W.3d 893 (Tex. App.-Houston [1st. Dist.] 2007).

This Court must determine by a factual finding whether or not the judgment by which appellant is being illegally and unlawfully restrained are void due to lack of subject matter jurisdiction or a violation due course of law that deprived the court of subject matter jurisdiction. In absence of this review this Court can not validate Appellate's convictions as being final.

Appellant has provided sufficient proof to merit consideration of his claims. The burden of proof is on the appellant to allege and prove facts, which if true, entitle him to relief. The standard of proof is by a preponderance of the evidence. Appellant has met this burden of proof as the record will affirmatively demonstrate in review of appellant's petition, Motion to Issue and Brief In Support Thereof his habeas corpus.

Appellant states that this Court has jurisdiction to grant the relief requested where the record will show that there is fundamental error and the judgments are void for lack of jurisdiction. TRAP. 44. Reversible Error

WHEREFORE, Appellant prays that this Court will act in its non-discretionary, ministerial capacity and:

1. Review the entire record and make a finding that the judgments are void for lack of subject-matter jurisdiction;
2. Grant the relief requested in Appellant's habeas corpus;
3. Appoint counsel to assist Appellant in these proceedings;
4. For such and further relief as the nature of the cause may require.

November 18, 2015
DATE

Clinton Donald Johns
Clinton Donald Johns, #764814
3060 FM 3514
Beaumont, TX 77705,
Mark W. Stiles Prison
Appellant

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing WRITTEN RESPONSE TO NOTICE, was served by placing the same in the United States Mail, postage prepaid, on this the 18th day of November, 2015, addressed to:

Court of Appeals, First District
301 Fannin Street
Houston, Texas 77002-2066

Clinton Johns
Clinton Johns # 764814
3060 FM 3514
Beaumont, Texas 77705
Mark W. Stiles Prison
Appellant

Clinton Johns # 1648|4
3060 FM 3514
Mark W. Stiles Prison
Beaumont, Texas 77705

\* Legal Mail \*

RECEIVED
FIRST COURT OF APPEALS
HOUSTON, TEXAS

NOV 20 2015

CHRISTOPHER A. PRINE
CLERK

NORTH HOUSTON TX 773

19 NOV 2015 PM 2 L

Court of APPeals, First District
301 fannin Street
Houston, Texas 77002-2066

77002206699